IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:18-MJ-3281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SHAUN M. STONEHAM, | ) | |
| | ) | |
| Defendant. | ) | **ORDER ON GOVERNMENT'S** |
| | ) | **MOTION FOR DETENTION** |

The United States has charged Defendant Shaun Stoneham by complaint filed on October 10, 2018 with accessing child pornography with intent to view in violation of 18 U.S.C. § 2252A(a)(5)(B) and with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). If convicted of these offenses, defendant faces a mandatory minimum of five years up to twenty years of incarceration on the receiving charge and up to ten years of incarceration on the accessing with intent to view charge plus potential fines, supervised release and mandatory and other special assessments.

At the initial appearance on October 10, 2018, the government moved for detention, and defendant requested a hearing. The undersigned heard the motion on October 19, 2018. Upon consideration of the evidence submitted, the arguments of counsel and the applicable requirements of 18 U.S.C. § 3142, the government's motion for detention is DENIED.

The government presented testimony from Special Agent Jason Guyton and proffered the Pretrial Services Report dated October 10, 2018. The government also proffered Government Exhibit 1 and Government Exhibit 2, signed statements of the defendant. Special Agent Guyton testified that he still held to the truth of the information disclosed in his complaint affidavit. He also testified to information learned from two interviews of the defendant, the essence of which was captured in the aforementioned exhibits.

Defendant proffered a medical record concerning his Crohn's disease. Holly Stoneham, defendant's wife testified, as did his employer, Ralph Luck, owner of Leo Luck's Auto Repair, Inc.

Pretrial Services Officer Travis Jennings' pretrial risk assessment found Defendant Stoneham presented a PTRA Risk of 1, the lowest possible score. Nevertheless, based on Officer Jennings' assessment of the facts gathered, he recommended that no bond be granted.

The government asserted defendant had a long history of accessing child pornography, and that he faced a lengthy period of incarceration. The government pointed out – and the defendant did not contest – that there was a rebuttable presumption for detention under 18 U.S.C. § 3142(e)(3)(E) because defendant was charged under 18 U.S.C. § 2252A(a)(2). The government pointed out that defendant had admitted to having had thoughts of a sexual nature and/or because sexually aroused concerning his own minor daughters. The government asserted that defendant had not produced information sufficient to rebut the presumption for detention.

Defendant's wife testified to their good relationship, despite "ups and downs." She admitted to being surprised by the complaint allegations and allegations concerning defendant's alleged marital infidelity. Despite these things, she asserted she was unconcerned about him

2

having contact with their daughters and agreed she would supervise any visitation with them that the court permitted. Defendant's employer, Ralph Luck, testified to the strength of his relationship with the defendant, to how important defendant was to his business, to his willingness to permit defendant to reside with him and his wife and to his willingness to abide by any conditions of release the court would impose upon defendant.

Defendant pointed out his long term ties to the community, his stable employment, his lack of criminal history and his willingness to abide by any conditions of release the court would impose. The defense contended it had rebutted the presumption for detention. And it asserted there were conditions of release that could be put in place that would reasonably assure the safety of the community and other persons and that would prevent defendant from fleeing, including the agreement of defendant and his wife to post their home as security for a $50,000 bond.

The court finds this case is one in which a rebuttable presumption for detention exists under 18 U.S.C. § 3142(e)(3) in that defendant is charged with a violation of was charged under 18 U.S.C. § 2252A(a)(2), a child victim offense. He faces a mandatory minimum of five years and up to twenty years of incarceration on that charge.

The following facts support the government's position that detention should be ordered: defendant has a history of accessing child pornography; the weight of the evidence against defendant is strong in this case; defendant has minor daughters; and defendant admitted to having become sexually aroused on some occasions concerning his daughters. Further, defendant faces a lengthy period of incarceration if convicted.

Defendant's rebuttal evidence was more persuasive. Defendant pointed out that he had no criminal history; his pretrial risk assessment score was the lowest possible: 1; he would be

3

able to reside with his employer, Ralph Luck, who was willing to continue his employment and who expressed great confidence in defendant; his wife was still supportive and was willing to comply with conditions of release or bond, including posting the family's home as security for a bond. Defendant pointed out he has Crohn's disease and requires frequent, careful medical monitoring.

The court notes the government has had some awareness of defendant's case-conduct since the middle of 2017 yet did not seek to charge and arrest him for over a year. There was no evidence before the court suggesting defendant had continued to engage in criminal conduct during the time between mid-2017 and the date of his arrest.

Based upon an examination of the totality of the evidence before the court and an application of all the standards in 18 U.S.C. § 3142, the court concludes defendant offered sufficient information to rebut the presumption for detention. Further, the court finds the government did not carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community. And it did not carry its burden to establish that no bond conditions could reasonably assure the appearance of the defendant at future court proceedings.

The court will grant defendant a $50,000 secured bond subject to standard and other conditions of release, which are detailed in the bond and conditions of release documents that will be separately filed. Further defendant will be subject to curfew and must reside with his employer and be subject to some form of electronic location monitoring, as required by 18 U.S.C. § 3142(c)(1)(B), to be determined by Pretrial Services. Defendant is granted permission to leave the custodial residence to go to work, to report to pretrial services, to meet with his

counsel, to attend church, to attend to documented medical needs and for supervised visitation with his children. The U.S. Pretrial Services and Probation department must verify that the residence is suitable before defendant may be released. Should if find the residence unsuitable, the court reserves the right to modify this ruling. Further, the U.S. Pretrial Services and Probation Department must verify the ability to place restraints on defendant's work computers to comply with the orders of the court expressed at the time of the detention hearing.

IT IS SO ORDERED.

Dated: October 19, 2018

Thomas M. Parker
United States Magistrate Judge